Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED'10 DEC 14 10:36USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **CAROL DURBIN,** | Case No.: CV'10-1519  SU |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); |
| **BISHOP, WHITE, MARSHALL & WEIBEL, P.S.,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I. INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.   Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

Complaint – Page 1

37617

### III. PARTIES

3.     Plaintiff, Carol Durbin ("Plaintiff"), is a natural person residing in Malheur County, Oregon.

4.     Defendant, Bishop, White, Marshall & Weibel, P.S., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

### IV. FACTUAL ALLEGATIONS

5.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.     All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.     Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.     Falsely representing the character, amount, or legal status of Plaintiff's debt. Defendant filed suit against Plaintiff for a debt allegedly due and owing to Discover Bank. The amount owing on the debt was alleged in the Complaint to be $5574.54. However, a large portion of that debt (approximately $1000) was incurred through cash advance transactions that were a documented result of identify theft. The cash advances were allegedly taken out in the name of co-account-holder and account

originator Douglas Shaver. However, Douglas Shaver was deceased at the time the cash was advanced, so the transactions must have been the result of identity theft. Plaintiff provided proof to Discover prior to the suit being filed, and Defendant, on knowledge and belief, had access to these records prior to determining the appropriate amount to demand from Plaintiff (§ 1692e(2)(A));

10. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including making false representations to a court-appointed arbitrator regarding Plaintiff's alleged failure to respond to Defendant's request that Plaintiff provide input regarding her choice of arbitrator. Defendant sent a letter to Plaintiff dated September 20, 2010. The Sep. 20 letter stated that Plaintiff must provide to Defendant's office a list of available dates and Plaintiff's selection for arbitrator. The letter also stated that the selection was due no later than October 6, 2010, and that if Defendant did not hear from Plaintiff at least three working days prior to that date, it would submit its selection. Plaintiff submitted the requested documentation and such was received on October 4, 2010, according to US Certified Mail receipt. Defendant then sent a letter dated October 5, 2010, which certified to the court that as of that date (October 5) Defendant had not received any communication from Carol Durbin, which was untrue (1692e(10)).

11. As a result of the aforementioned violations, Plaintiff suffered injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

12. Defendant's misrepresentations materially affected Plaintiff's ability to make decisions with regard to the alleged debt and the action against Plaintiff for that debt.

13. To the extent Defendant's actions, detailed in paragraphs 8-10, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e(10) & 1692e(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 13th day of December, 2010.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff